IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00400-REB-KLM

BERNARD KENNETH MYERS,

    Plaintiff,

v.

DORWIN DWAYNE HUMMEL,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion for a More Definite Statement** [Docket No. 19; Filed March 29, 2011] (the "Motion").  On April 7, 2011, Plaintiff filed a Response [Docket No. 29] in opposition to the Motion.  Defendant asserts that he cannot answer or otherwise appropriately respond to Plaintiff's Complaint [Docket No. 1] because he "is unable to ascertain exactly what relief, if any, is sought by the Plaintiff and under what legal theory he seeks such [relief]."  *Motion* [#19] at 2; *see also id.* at 3 ("[I]t is quite possible that the Plaintiff has failed to state a claim on which relief can be granted.").  Accordingly, Defendant seeks an order directing Plaintiff to amend his Complaint.  Plaintiff asserts that amendment is not necessary, and he argues that the Motion is an attempt by Defendant to prolong the case and force him to expend further resources.  *Response* [#29] at 1-2.

Because Plaintiff is proceeding *pro se*, the Court is mindful that it must construe his

Complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be Plaintiff's advocate, nor should it "supply additional factual allegations to round out [his] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). Further, despite Plaintiff's *pro se* status, he must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

After reviewing Plaintiff's Complaint, the Court finds that it does not satisfy any of the three essential pleading requirements set forth in Fed. R. Civ. P. 8(a) ("Rule 8(a)"). The Complaint consists of the following: (1) six introductory pages that state only the parties' names and addresses and an unsupported assertion of jurisdiction pursuant to 28 U.S.C. § 1332; (2) two pages of allegations, *Complaint* [#1] at 8-9; and (3) thirty-six pages of various documents. Plaintiff has provided no explanation regarding how the incorporated documents are related to the case. Defendant is correct that Plaintiff has not made a short and plain statement of the grounds for the Court's jurisdiction, his legal claim, and a demand for the type of relief he seeks, as required by Rule 8(a). Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#19] is **GRANTED**.

IT IS FURTHER **ORDERED** that Plaintiff shall file an amended complaint that complies with Rule 8(a) on or before **April 29, 2011**.

IT IS FURTHER **ORDERED** that if Plaintiff wishes to submit supporting documents with his amended complaint, he must separately label each document as a numbered attachment to the amended complaint. Supporting documents are not to be included as

part of the amended complaint itself.  The text of the amended complaint must explain the nature and relevance of any attached document.

IT IS FURTHER **ORDERED** that Plaintiff's failure to comply with this Order will result in the Court issuing a recommendation to dismiss this case without prejudice.  *See Nagim v. State of Louisiana, et al.*, No. 08-cv-01115-ZLW-MEH, Docket No. 2 (D. Colo. June 6, 2008) (unreported decision) (Order of Dismissal) (noting that a plaintiff's "failure to set forth facts sufficient to show that he is entitled to legal relief, as required by Fed. R. Civ. P. 8" is grounds for dismissing his case without prejudice).

IT IS FURTHER **ORDERED** that the Scheduling Conference set for April 27, 2011 at 11:00 a.m. is **vacated** and **RESET** to **June 7, 2011 at 11:00 a.m.** in Courtroom C-204 of the Byron G. Rogers United States Courthouse.

IT IS FURTHER **ORDERED** that the parties shall submit their proposed scheduling order pursuant to the District of Colorado Electronic Case Filing ("ECF") Procedures.  The parties shall submit the proposed scheduling order no later than **June 2, 2011**.

IT IS FURTHER **ORDERED** that each party shall submit a Confidential Settlement Statement no later than **June 2, 2011**.  Parties participating in the District of Colorado ECF system shall submit their Confidential Settlement Statement in PDF format via email to Mix_Chambers@cod.uscourts.gov.  Parties not participating in ECF shall submit their Confidential Settlement Statement as a hard copy by delivering it to the Clerk of the Court or by mailing it directly to Magistrate Judge Mix in an envelope marked "Confidential and Private per Order of Magistrate Judge Mix."

Courtroom **C-204** is located on the second floor of the Byron G. Rogers United

States Courthouse, 1929 Stout Street, Denver, Colorado 80294.  The parties are reminded that anyone seeking entry into the Byron G. Rogers United States Courthouse will be required to show valid photo identification.  *See* D.C.COLO.LCivR 83.2B.

DATED: April 14, 2011 at Denver, Colorado.

BY THE COURT:

s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge