IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00400-REB-KLM

BERNARD KENNETH MYERS,

    Plaintiff,

v.

DORWIN DWAYNE HUMMEL,

    Defendant.
_____

## MINUTE ORDER
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant's **Motion to Strike Plaintiff's Second Notice Re: Personal Safety** [Docket No. 44; Filed April 22, 2011] (the "Motion"). Defendant seeks an order striking Plaintiff's Notice [Docket No. 43] filed on April 18, 2011. The Court finds that Plaintiff's Notice does not seek specific relief from the Court and is not otherwise relevant to Plaintiff's cause of action.  Accordingly,

    IT IS HEREBY **ORDERED** that the Motion [#44] is **GRANTED**.

    IT IS FURTHER **ORDERED** that the Notice [#43] is **STRICKEN**.

    Defendant has requested an award of $300 for the creation of the Motion.  The Court finds that such an award is not warranted.  First, creation of the Motion should have required only minimal expenditure of resources.  Second, the Court's inherent authority to control the docket in this case extends to permit it to strike, *sua sponte*, irrelevant and noncompliant documents filed by the parties.  *See generally* D.C.COLO.LCivR 7.1H ("A verbose, redundant, ungrammatical, or unintelligible motion, response, or reply may be stricken[.]"); Fed. R. Civ. P. 12(f)(1) ("The Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  The Court may act on its own[.]").  Accordingly,

    IT IS FURTHER **ORDERED** that Defendant's request for an award of fees is **DENIED**.

    Dated:  April 25, 2011