IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00400-REB-KLM

BERNARD KENNETH MYERS,

    Plaintiff,

v.

DORWIN DWAYNE HUMMEL,

    Defendant.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's Notice [Docket No. 47; Filed April 25, 2011].  The Clerk of the Court interpreted the Notice as a motion seeking clarification of the Court's Minute Order [Docket No. 46] entered on April 25, 2011.  As an initial matter, Plaintiff has not properly sought relief by filing the Notice.  The Court does not act on letters or notices.  If Plaintiff needs clarification of an order of the Court, he must properly file a document styled as a motion in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.  *See, e.g.*, *Escobar v. Jones, et al.*, Case No. 09-cv-02207-CMA-KLM, Docket No. 66-1 at 1, ¶ 5 (D. Colo. Filed July 13, 2010) (Pro Se Litigant Letter) ("If you want the Judge to do something in your case, you must file a motion asking the Judge to do it and explaining why you want it done.  The Judge does not respond to letters or any other form of request except motions.").  Plaintiff's Notice [#47] is not properly styled as a motion, and it does not comply with D.C.COLO.LCivR 10.1 and 5.1G.  Among other deficiencies, the Notice does not contain a proper certificate of service.  The Notice is subject to being stricken on this basis alone.  Plaintiff is reminded that, although he is proceeding *pro se*, he is still required to follow the Court's procedural rules.  *See Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

    Despite Plaintiff's procedural failings, the Court briefly addresses his concern raised in the Notice.  Thus, to the extent that the Notice is construed as a motion for clarification,

    IT IS HEREBY **ORDERED** that the motion is **GRANTED**.

    Plaintiff is confused by the fact that defense counsel included a copy of a proposed order when he served Defendant's Motion to Strike [Docket No. 44].  Plaintiff now seeks clarification that the proposed order he received in the mail from defense counsel is not

actually an order of the Court.  Plaintiff may rest assured that the proposed order he received – and any proposed order he may receive in the future from defense counsel – is not an order of the Court.  Defendant's Motion to Strike [Docket No. 44] was granted in part and denied in part as set forth in the Court's Minute Order [#46] entered on April 25, 2011.  If he has not already, Plaintiff will receive a copy of this Minute Order from the Clerk of the Court.

    Dated:  April 26, 2011