IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00400-REB-KLM

BERNARD KENNETH MYERS,

    Plaintiff,

v.

DORWIN DWAYNE HUMMEL,

    Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Dismiss** [Docket No. 51; Filed May 6, 2011] (the "Motion").  Plaintiff, who is proceeding *pro se*, filed a Response [Docket No. 53] in opposition to the Motion on May 9, 2011.  Plaintiff also filed an Amendment [Docket No. 54] to his Response on May 12, 2011.  Defendant filed a Reply [Docket No. 56] on May 16, 2011.  Pursuant to 28 U.S.C. § 636 (b)(1)(A) and D.C.COLO.LCivR 72.1C, the Motion has been referred to this Court for a recommendation regarding disposition.  The Court has reviewed the pleadings, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court **RECOMMENDS** that the Motion to Dismiss be **DENIED**.

### I.  Summary of the Case

On April 26, 2011, Plaintiff filed an Amended Complaint [Docket No. 49] in which he alleges that Defendant, as the "personal representative" and "executor" of the estates of

Eldon Lowell Myers, Sr. (hereinafter, the "Father") and Sally A. Myers, breached a "fiduciary duty to protect [Plaintiff's] portion of [the Father]'s estate." *Amended Complaint* [#49] at 2. Plaintiff represents that Eldon Lowell Myers, Sr. is his Father, and he alleges that he is his Father's "rightful and legal heir." *Id.* at 1. Plaintiff alleges that he did not inherit his Father's assets, which include real property, the proceeds from two life insurance policies worth $550,000 in total, bank accounts, and a "401K" account, because Defendant "obtained" these assets for himself by relying on "very questionable documents." *Id.* at 2. Plaintiff claims that Defendant's conduct in obtaining the Father's assets for himself breached the fiduciary duty he owed to Plaintiff as a beneficiary of the Father's estate. Plaintiff seeks $3.85 million in compensatory damages. *Id.*

Defendant contends that the Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim under Colorado law for breach of fiduciary duty.

## II.  Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed R. Civ. P. 12(b)(6) (A complaint may be dismissed for "failure to state a claim upon which relief can be granted."). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to

provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. \_, 129 S. Ct. 1937, 1949 (2009).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks omitted).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

When considering Plaintiff's Complaint [#49], Response [#53], and Amendment [#54], the Court is mindful that it must construe the filings of a *pro se* litigant liberally.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be a *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [a *pro se* litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  In addition, *pro se* litigants must follow the same procedural rules that govern other litigants.  *Nielson v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994).

### III.  Analysis

Defendant contends that Plaintiff has failed to state a claim under Colorado law for a breach of fiduciary duty.[1]  Defendant asserts that the Father's January 15, 2002 Will [Docket No. 51-1] did not name him (Defendant) as executor of the Father's estate. *Motion* [#51] at 3.  Thus, Defendant argues that Plaintiff's allegation that he (Defendant) was the "personal representative" and "executor," *Amended Complaint* [#49] at 2, of the Father's estate is demonstrably false.  Defendant concludes that because he was not the executor or personal representative of the estate, he did not owe a fiduciary duty to Plaintiff as a beneficiary of the estate.  *Motion* [#51] at 3 ("In the instant matter, the Plaintiff's claim for breach of fiduciary duty is only valid if the Defendant did in fact owe the Plaintiff such a duty as an executor or personal representative of the Plaintiff's father's estate.").

In the Amendment to his Response, Plaintiff contests the authenticity of the Will [#51-1] provided by Defendant: "[T]his document is an outrage and in my opinion a forgery[.]" *Amendment* [#54] at 1.  Because the Amended Complaint does not refer to the Will and the parties have not stipulated to its authenticity, the Court may not consider it when resolving the instant Motion.  *See Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) ("[N]otwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, 'the district court may consider

---

[1] Defendant construes Plaintiff's Amended Complaint [#49] to possibly assert claims for tortious interference with inheritance and fraud: "A thorough examination of Plaintiff's Amended Complaint reveals one clear claim for relief, breach of fiduciary duty, and potentially two more claims (tortious interference with inheritance and fraud) if interpreted in a very liberal manner." *Motion* [#51] at 2.  Defendant contends that Plaintiff has failed to state cognizable claims for tortious interference or fraud under Colorado law.  The Court does not address this contention because it does not read the Amended Complaint to assert tortious interference and fraud claims, and it declines to "construct a legal theory on [Plaintiff's] behalf." *Whitney*, 113 F.3d at 1173-74.

documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'" (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002))); *see generally Sutton*, 173 F.3d at 1236 ("The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint **alone** is legally sufficient to state a claim for which relief may be granted." (emphasis added)).

Defendant's sole argument in support of dismissing Plaintiff's claim is predicated on the authenticity of the Will. The Court cannot credit this argument because determining the authenticity of the Will requires fact finding that is not appropriate at this juncture. Defendant does not contend that Plaintiff has failed to *plead* the existence and breach of a fiduciary duty in the Amended Complaint. Whether Plaintiff can actually *prove* the existence and breach of that duty is a separate question to be addressed at trial or during the resolution of a motion for summary judgment filed after the parties have had an opportunity to undertake discovery. The Court concludes that Plaintiff has stated a claim under Colorado law in his Amended Complaint. *See Motion* [#51] at 2 ("Under Colorado law, a person acting as an executor or personal representative of an estate is a fiduciary, and as such, owes a fiduciary duty to act in the best interests of the beneficiaries." (citing Colo. Rev. Stat. § 15-1-103(2); *Bailey v. Allstate Ins. Co.*, 844 P.2d 1336, 1339 (Colo. App. 1992))).

## IV. Conclusion

For the foregoing reasons, I respectfully **RECOMMEND** that Defendants' Motion to Dismiss [#51] be **DENIED**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have

fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED: May 17, 2011 at Denver, Colorado.

BY THE COURT:

s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge