IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00400-REB-KLM

BERNARD KENNETH MYERS,

    Plaintiff,

v.

DORWIN DWAYNE HUMMEL,

    Defendant.

_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Summary Judgment** [Docket No. 60; Filed May 24, 2011] (the "Motion"). When considering Plaintiff's Motion, the Court is mindful that it must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a *pro se* litigant's advocate, nor should it "construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

    Here, Plaintiff has failed to comply with a procedural rule, Fed. R. Civ. P. 56(c)(1)(A), which requires that a party asserting in a motion for summary judgment that a fact cannot be disputed must support the assertion by citing to particular parts of materials in the record or other materials attached to the motion. In the Motion, Plaintiff does not cite to any materials in the record. Plaintiff also did not attach any materials to the Motion. Accordingly, the Motion is facially insufficient and subject to summary denial without prejudice pursuant to Fed. R. Civ. P. 56(e).

    Moreover, because Plaintiff bears the ultimate burden of persuasion at trial, he is entitled to summary judgment only if he demonstrates each element of his claim "by sufficient, competent evidence to set forth a prima facie case." *In re Ribozyme Pharm., Inc. Sec. Litig.*, 209 F. Supp. 2d 1106, 1111 (D. Colo. 2002). Here, Plaintiff has put forth no evidence that Defendant owed him a fiduciary duty under Colorado law. Further, Plaintiff acknowledges that there is an unresolved dispute about the authenticity of a Will [Docket

No. 51-1] submitted by Defendant.  *See Recommendation of United States Magistrate Judge* [Docket No. 57] at 4 (explaining Defendant's position that if the Will is valid, it establishes that Defendant was not the executor of Plaintiff's father's estate and therefore did not owe Plaintiff a fiduciary duty).  It is clear from the face of the Motion that Plaintiff has not set forth a prima facie case.

For the reasons set forth above,

IT IS HEREBY **ORDERED** that the Motion [#60] is **DENIED without prejudice**.

Dated:  May 26, 2011