IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–00400–KMT–KLM

BERNARD KENNETH MYERS,

    Plaintiff,

v.

DORWIN DWAYNE HUMMEL,

    Defendant.

---

# ORDER

---

This matter is before the court on Plaintiff's "Motion for Summary Judgement." (Doc. No. 89, filed June 23, 2011 [Mot.].) Defendant responded to Plaintiff's Motion on September 22, 2011 (Doc. No. 104 [Resp.])[1] and Plaintiff filed his reply that same day (Doc. No. 105, filed Sept. 22, 2011). For the following reasons, Plaintiff's Motion is denied.

## FACTUAL BACKGROUND

In this case, Plaintiff alleges that Defendant breached a fiduciary duty owed to Plaintiff with respect to Plaintiff's father's estate. (*See* Mot. at 4; Doc. No. 49, filed Apr. 26, 2011, at 2 [Am. Compl.].) Plaintiff alleges that he is the rightful and legal heir of his father, Eldon L.

---

[1] Initially, Defendant sought to strike Plaintiff's Motion (Doc. No. 95, filed July 8, 2011); however, the court denied Defendant's motion to strike and ordered Defendant to respond to Plaintiff's Motion (Doc. No. 103, Sept. 1, 2011 ).

Myers, Sr. (hereinafter "Eldon Sr."). (Am. Compl. at 1.) Plaintiff maintains that, upon the death of Eldon Sr., and until the death of Sally A. Myers,[2] Eldon Sr.'s estate was to remain in trust. (*Id.* at 1–2.) Plaintiff further alleges that Defendant, as well as Plaintiff's brother Eldon L. Myers, Jr. (hereinafter "Eldon Jr."), were the personal representatives and executors of Eldon Sr.'s estate. (*Id.* at 2.) Upon Sally Myer's death, however, in addition to all of her estate, Defendant allegedly received most, if not all, of Eldon Sr.'s estate. (*Id.*) Plaintiff maintains that the documents by which Eldon Sr.'s estate passed to Defendant were "very questionable." (*Id.*) Moreover, Plaintiff alleges that the transfer of substantially all of Eldon Sr.'s estate to Defendant resulted in a breach of the fiduciary duty owed to Plaintiff by Defendant to protect Plaintiff's portion of his father's estate. (*Id.*) As a result of this breach, Plaintiff allegedly suffered damages of $3.85 million dollars. (*Id.*)

## LEGAL STANDARD

### *1.    Summary Judgment Standard*

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1518

---

[2] Sally A. Myers is Defendant Darwin Hummel's mother, as well as Eldon Sr.'s ex-wife.

(10th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also* Fed. R. Civ. P. 56(c). A disputed fact is "material" if "under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir.1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Thomas v. Metropolitan Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011) (citing *Anderson*, 477 U.S. at 248).

When ruling on a motion for summary judgment, a court may consider only admissible evidence. *See Johnson v. Weld County, Colo.*, 594 F.3d 1202, 1209-10 (10th Cir. 2010). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Concrete Works*, 36 F.3d at 1517. Moreover, because Plaintiff is proceeding *pro se*, the court, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). At the summary judgment stage of litigation, a plaintiff's version of the facts must find support in the record. *Thomson v. Salt Lake Cnty.*, 584 F.3d 1304, 1312 (10th Cir. 2009). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts

for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Thomson*, 584 F.3d at 1312.

## ANALYSIS

Defendant argues that Plaintiff's Motion should be denied because Plaintiff has failed to demonstrate that there is no genuine issue of material fact that Defendant owed him a fiduciary duty, or subsequently breached that fiduciary duty. The court agrees.

As the outset, the court notes that Plaintiff has failed to comply with both the federal rule and local rule governing summary judgment motions. More specifically, Plaintiff has failed include "a statement of undisputed facts," D.C.COLO.LCivR 56.1A, and has failed to support his assertions that the material facts in this case cannot be genuinely disputed by "citing to particular parts of materials in the record," Fed. R. Civ. P. 56(c)(1)(A).

By way of these omissions, Plaintiff's Motion capably demonstrates that these requirements are more than mere procedural formalities. Plaintiff's Motion is replete with "facts" that, by his own admission, are clearly disputed. For example, Plaintiff sets forth his "*opinion* that these document's [sic] [attached to Plaintiff's Motion and "at the heart of the dispute"] are all fraud's [sic] and forgeries." (Mot. at 2) (emphasis added). A grant of summary judgment must be based on undisputed facts, not the moving party's opinion. Fed. R. Civ. P. 56(a).

Moreover, Plaintiff acknowledges in his Motion that Defendant denies that any documents were forged or that he knew of or approved of those forgeries. (*Id.* at 3.) In fact, Plaintiff admits that Defendant has "deni[ed] [] everything Plaintiff alledged [sic]," and

4

acknowledges that it is only "Plantiff's [sic] opinion" that Defendant "knowingly and willingly cheat[ed] [Plaintiff] out of [his] rightful and legal inheritance." (*Id.* at 8, 11.)

Because Defendant clearly disputes Plaintiff's "side of the story," for his summary judgment motion to be granted, Plaintiff must establish that there is "no genuine dispute as to any material fact and that [he] is entitled to judgment as a matter of law" by citing to "particular parts of materials in the record," Fed. R. Civ. P. 56(a), (c)(1)(A). In this district, Plaintiff must accomplish this burden by including a separate statement of undisputed facts in his Motion. D.C.COLO.LCivR 56.1A. Plaintiff has clearly failed to comply with either of these requirements. Accordingly, the court would be warranted in denying Plaintiff's Motion on this basis alone.

Notwithstanding Plaintiff's Motion's broader shortcomings, the court nevertheless proceeds to merits of Plaintiff's summary judgment argument—that is, that Defendant owed Plaintiff a fiduciary duty, and breached that duty when he received substantially all of Eldon Sr.'s estate. Plaintiff maintains that, under Colorado law, a person acting as an executor or personal representative of an estate is a fiduciary and as such owes a fiduciary duty to act in the best interest of the beneficiary. (Mot. at 4 (citing Colo. Rev. Stat. § 15-1-103(2).) While the court accepts for purposes of this motion, without deciding, that Plaintiff has correctly stated the applicable law, the court finds that Plaintiff has failed to establish that there is no genuine dispute of material fact as to whether Defendant was the personal representative for Eldon Sr.'s estate. Fed. R. Civ. P. 56(a). The court has reviewed the 44 pages of exhibits attached to Plaintiff's Motion and finds that none of those documents suggest that Defendant was acting as

the personal representative of Eldon Sr.'s estate.  Instead, Eldon Sr.'s will suggests that Sally Myers, or alternatively, Eldon Jr., was appointed to serve as the personal representative of Eldon Sr.'s estate.  (Mot., Ex. M.)  Accordingly, the court finds that Plaintiff has failed to establish that there is no genuine dispute of fact that Defendant owed him a fiduciary duty.  Consequently, Plaintiff's Motion is denied.

THEREFORE, for the foregoing reasons, it is

ORDERED that Plaintiff's  "Motion for Summary Judgement" (Doc. No. 89) is DENIED.

Dated this 15th day of December, 2011.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge