
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–00400–KMT–KLM

BERNARD KENNETH MYERS,

    Plaintiff,

v.

DORWIN DWAYNE HUMMEL,

    Defendant.

---

# ORDER

---

This matter is before the court on Plaintiff's "Motion for Summary Judgement" (Doc. No. 135, filed Jan. 12, 2012) and Defendant's "Motion to Strike Plaintiff's Motion for Summary Judgment" (Doc. No. 137, filed Jan. 17, 2012 [Mot. Summ. J.]). The court previously denied Plaintiff's two prior motions for summary judgment because Plaintiff had failed to demonstrate that there is no genuine dispute of material fact that Defendant owed Plaintiff a fiduciary duty and breached that duty. (*See* Doc. No. 124, filed Dec. 15, 2011 & Doc. No. 132, filed Jan. 4, 2011.)

Nevertheless, in an abundance of caution, the court granted the parties additional time to file dispositive motions based on Plaintiff's *pro se* status and his representation that "he now understands what he needs to do to set forth a prima facial [sic] case." The court finds that Plaintiff once again fails to sustain his heavy burden of demonstrating that "there is no genuine

dispute as to any material fact and that [he] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The relevant legal standard governing summary judgment is recited in this court's prior order denying Plaintiff's first motion for summary judgment, and is incorporated herein by reference. (Doc. No. 124 at 2-4.) In his present motion, Plaintiff is primarily preoccupied with demonstrating that the documents and instruments that allegedly resulted in him being "unjustly cheated out of his rightful and legal inheritance from his late father's estate" were forged. (*See* Mot.) Even if Plaintiff were able to demonstrate there is no genuine issue of material fact as to whether these documents are forged—a matter that Defendant clearly disputes[1] (*see* Doc. No. 76, filed June 3, 2011, ¶¶ 23-24, 26, 29-30, 34, 36, 38-39)—Plaintiff misses the point. In this case, Plaintiff is suing Defendant for breach of fiduciary duty. (Doc. No. 49, filed Apr. 26, 2011, at 2.) Thus, Plaintiff must demonstrate that there is no genuine dispute of material fact that Defendant owed him a fiduciary duty, breached that fiduciary duty, and that Plaintiff suffered damages as a result of that breach. *Graphic Directions, Inc. v. Bush,* 862 P.2d 1020, 1022 (Colo. App. 1993).

---

[1] In arguing that there is no genuine dispute of material fact that the documents and instruments relating to his father's estate were forged, Plaintiff seizes on a single sentence in Defendant's "Amended Motion to Strike Plaintiff's Motion for Summary Judgment" (Doc. No. 95, filed July 12, 2011, at 3-4). That sentence reads as follows: "In fact, Plaintiff fails to make any logical argument at all which would impute liability on the part of the Defendant for the actions of a previous generation now deceased." (*Id.*) ) Even assuming that statement somehow constituted a judicial admission binding on Defendant, *see Guidry v. Sheet Metal Workers Intern. Ass'n, Local 9,* 10 F.3d 700, 716 (10th Cir. 1993)—and the court explicitly finds that it is not—this sentence entirely fails to indicate that Defendant concedes that the documents and instruments relating to his father's estate were forgeries.

Plaintiff admits that he cannot "offer the court documentation necessary to show the defendant did in fact owe him a fiduciary duty" (Mot. Summ. J. at 15), and it is otherwise clear to the court that Plaintiff has not done so.  It is not enough for purposes of summary judgment for Plaintiff to show that "Defendants [sic] sole piece of evidence he presented to the court to show that he did not owe [Plaintiff a fiduciary duty] was and is, by Defendants [sic] own admission, a forged instrument committed by a previous generation." (*Id.*)  Again, it is Plaintiff's burden to demonstrate that there is no dispute of fact as to whether a fiduciary duty existed; it is not Defendant's burden to show that a fiduciary duty did not exist.  *See* Fed. R. Civ. P. 56(a).

Accordingly, the court finds that Plaintiff's "Motion for Summary Judgement" is properly denied for substantially the same reasons outlined in this court's prior orders denying his first and second motions for summary judgment. (*See* Doc. Nos. 124 & 132.)  Additionally, because Plaintiff has failed to sustain his burden under Rule 56, it is unnecessary to address the technical arguments raised in Defendant's motion to strike.  *Fresquez v. Baldwin,* 08-cv-01233-CMA-CBS, 2010 WL 5934891, at *26 (D. Colo. Dec. 15, 2010).  That motion is now moot.

THEREFORE, for the foregoing reasons, it is

ORDERED that Plaintiff's "Motion for Summary Judgement" (Doc. No. 135) is

DENIED and that Defendant's "Motion to Strike Plaintiff's Motion for Summary Judgment" (Doc. No. 137) is DENIED as moot.

Dated this 31st day of January, 2012.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge