IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–00400–KMT–KLM

BERNARD KENNETH MYERS,

    Plaintiff,

v.

DORWIN DWAYNE HUMMEL,

    Defendant.

---

**MINUTE ORDER**

---

**ORDER ENTERED BY MAGISTRATE JUDGE KATHLEEN M. TAFOYA**

Plaintiff's "Motion to Correct, Amend, Modify Plaintiff's Original Complaint and in the Alternative Correct, Amend and Modify Plaintiff's More Definate [sic] Statement" (Doc. No. 141, filed Feb. 2, 2012) is DENIED without prejudice.  It appears that Plaintiff seeks to amend his Amended Complaint.[1]  (Doc. No. 49, filed Apr. 26, 2011.)  Though the Federal Rules of Civil Procedure provide that a party may amend a pleading by leave of court, and that leave shall be given freely when justice so requires, Fed. R. Civ. P. 15(a), when seeking leave of the court to amend a complaint, the motion to amend must detail the proposed amendments and the reasons why such amendments are necessary.  In addition, Plaintiff must attach the proposed amended complaint to the motion.  The proposed amended complaint must stand alone; it must contain all of Plaintiff's claims.  Here, Plaintiff does not detail his proposed amendments, nor does he attach a proposed amended complaint to his motion.  As a result, it is impossible to determine if the proposed amendment is permissible.

Dated: February 2, 2012

---

[1] To the extent that Plaintiff seeks to Amend his Original Complaint, the court notes that Plaintiff's Original Complaint (Doc. No. 1, filed Feb. 16, 2011) has been superceded by the filing of his Amended Complaint.  *See Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991).