IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–00400–KMT–KLM

BERNARD KENNETH MYERS,

    Plaintiff,

v.

DORWIN DWAYNE HUMMEL,

    Defendant.

---

# ORDER

---

This matter is before the court on Defendant's "Motion for Summary Judgment" (Doc. No. 138, filed Jan. 20, 2012 [Mot. Summ. J.]) and Plaintiff's "Motion to Amend Amended Complaint" (Doc. No. 143, filed Feb. 6, 2012 [Mot. Am.]). For the following reasons, the court grants Defendant's Motion for Summary Judgment, and denies Plaintiff's Motion to Amend.

## FACTUAL BACKGROUND

In this case, Plaintiff alleges that Defendant breached a fiduciary duty owed to Plaintiff with respect to Plaintiff's father's estate. (*See* Am. Compl., Doc. No. 49, filed Apr. 26, 2011, at 2.) Plaintiff alleges that he is the rightful and legal heir of his father, Eldon L. Myers, Sr. (hereinafter "Eldon Sr."). (*Id.* at 1.) Plaintiff maintains that, upon Eldon Sr.'s death in August 2004 (Mot. Summ. J., Ex. B, Skype Deposition of Bernard Myers – December 16, 2011 [B.

Myers Dep.], at 6:23–7:4), until the death of Sally A. Myers,[1] Eldon Sr.'s estate was to remain in trust (Am. Compl. at 1–2). Plaintiff further alleges that Defendant, as well as Plaintiff's brother Eldon L. Myers, Jr. (hereinafter "Eldon Jr."), were the personal representatives and executors of Eldon Sr.'s estate. (*Id.* at 2.) Upon Ms. Myer's death,[2] however, in addition to all of her estate, Defendant allegedly received most, if not all, of Eldon Sr.'s estate. (*Id.*) Plaintiff maintains that the documents by which Eldon Sr.'s estate passed to Defendant were "very questionable." (*Id.*)

## PROCEDURAL HISTORY

In his Amended Complaint, filed April 26, 2011, Plaintiff alleges that, by obtaining substantially all of Eldon Sr.'s estate, Defendant breached his fiduciary duty "to protect [Plaintiff's] portion of [his] father's estate." (*Id.*) As a result of this breach, Plaintiff allegedly suffered damages of $3.85 million dollars. (*Id.*)

Defendant filed his Motion for Summary Judgment on January 20, 2012. (*See* Mot. Summ. J.) Plaintiff filed his Response to Defendant's Motion for Summary Judgment on February 9, 2012. (Doc. No. 144 [Resp. Mot. Summ. J.].) Pursuant to D.C.COLO.LCivR 7.1C and Fed. R. Civ. P. 6(d), Defendant had until February 26, 2012 to file a Reply. No reply was submitted on, or after, that date.

On February 6, 2012, three days prior to filing his Response to Defendant's Motion for Summary Judgment, Plaintiff filed his Motion to Amend his Amended Complaint. (*See* Mot.

---

[1] Sally A. Myers is Defendant Darwin Hummel's mother, as well as Eldon Sr.'s ex-wife.

[2] It is not clear from the record when Ms. Myers passed away.

2

Am.)  Defendant filed his "Motion to Request Denial of Plaintiff [sic] Motion for Leave of Court" on February 21, 2012, which the court construes to be a Response to Plaintiff's Motion to Amend.  (Doc. No. 145 [Resp. Mot. Am.].)  Plaintiff filed his "Response on Defendants [sic] Motion to Request Denial for Leave of the Court" on March 5, 2012, which the court construes to be a Reply in Support of his Motion to Amend.  (Doc. No. 147 [Reply. Mot. Am.].) Accordingly, these matters are now ripe for the court's review and ruling.

## LEGAL STANDARD

### *A.  Summary Judgment Standard*

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing *Celotex*, 477 U.S. at 325).  The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also* Fed. R. Civ. P. 56(c).  A disputed fact is "material" if "under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir.1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A dispute is "genuine" if the evidence is such that it might lead a

reasonable jury to return a verdict for the nonmoving party. *Thomas v. Metropolitan Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011) (citing *Anderson*, 477 U.S. at 248).

When ruling on a motion for summary judgment, a court may consider only admissible evidence. *See Johnson v. Weld County, Colo.*, 594 F.3d 1202, 1209-10 (10th Cir. 2010). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Concrete Works*, 36 F.3d at 1517. Moreover, because Plaintiff is proceeding *pro se*, the court, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). At the summary judgment stage of litigation, a plaintiff's version of the facts must find support in the record. *Thomson v. Salt Lake Cnty.*, 584 F.3d 1304, 1312 (10th Cir. 2009). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Thomson*, 584 F.3d at 1312.

### B.     *Leave to Amend the Pleadings*

Pursuant to the Scheduling Order, the Deadline for Amending the Pleadings was set for July 15, 2011. (Doc. No. 81, filed June 7, 2011 [Sched. Order].) Plaintiff's Motion to Amend was filed well after that date. Because Plaintiff filed his motion after the deadline for amending

the pleadings, the court employs a two-step analysis,³ first determining whether Plaintiff has shown good cause to modify the scheduling order under Federal Rule of Civil Procedure 16(b), then evaluating whether Plaintiff has satisfied the standard for amendment of pleadings under Federal Rule of Civil Procedure 15(a). This Court has said that

> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

*Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (citations omitted).

Assuming Plaintiff has shown good cause for modifying the scheduling order, he must also satisfy the requirements of Rule 15(a) for amending the pleadings. Under Rule 15(a), a court should allow a party to amend its pleadings "when justice so requires." Fed. R. Civ. P. 15(a). The grant or denial of an opportunity to amend is within the discretion of the court, but

---

³ It is the practice in this District to utilize this two-step analysis, notwithstanding the fact that the Tenth Circuit "has not yet decided whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' under Rule 16(b) in addition to the Rule 15(a) requirements." *Strope v. Collins,* 315 F. App'x 57, 62 n. 4 (10th Cir. 2009) (internal quotation omitted); *cf. Bylin v. Billings,* 568 F.3d 1224, 1231 n.9 (10th Cir. 2009) (acknowledging that "[m]ost circuits have held that when a party amends a pleading after a deadline set by a scheduling order, Rule 16 and its 'good cause' standard are implicated.") (collecting cases); *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1205 n.4 (10th Cir. 2006) (citing *SIL-FLO, Inc. v. SFHC, Inc.,* 917 F.2d 1507, 1518-19 (10th Cir. 1990)) (explaining that the Tenth Circuit "adopted a similar interpretation of Rule 16(b)'s 'good cause' requirement in the context of counterclaims asserted after the scheduling order deadline, but has not yet done so in the context of an amendment to the complaint").

"outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Notably,

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson,* 355 U.S. 41, 48 (1957).

## ANALYSIS

The court first considers Defendant's Motion for Summary Judgment. The court then turns to Plaintiff's Motion to Amend.

*A.  Motion for Summary Judgment*

Defendant argues that he is entitled to summary judgment because Plaintiff cannot prove that Defendant owed him a fiduciary duty. (Mot. Summ. J. at 6-8.) Under Colorado law, a person acting as an executor or personal representative of an estate is a fiduciary and, as such, owes a fiduciary duty to act in the best interests of the beneficiaries to that estate. *See Estate of Schiloa v. Colo. Dept. of Health Care Policy and Fin.,* 51 P.3d 1080, 1082 (Colo. App. 2002) (citing *In re Estate of Masden,* 24 P.3d 634, 637 (Colo. App. 2001); Colo. Rev. Stat. § 15-12-711; *Colo. Nat'l Bank v. Friedman,* 846 P.2d 159, 173 (Colo. 1993)). *See also* Colo. Rev. Stat. § 15-1-103(2)).

> A fiduciary is a person having a duty, created by his or her undertaking, to act principally for the benefit of another in matters connected with that undertaking. A fiduciary's obligation to the beneficiary include, among other things, a duty of loyalty, a duty to exercise reasonable care and skill, and a duty to deal impartially with the beneficiary.

*Bailey v. Allstate Ins. Co.,* 844 P.2d 1336, 1339 (Colo. App. 1992) (citing *Destefano v. Grabian,* 763 P.2d 275 (Colo. 1988)).

Here Defendant has included evidence in his Motion for Summary Judgment suggesting that he was not acting as a fiduciary to Plaintiff. First, Eldon Sr.'s will, attached as Exhibit A to Defendant's Motion for Summary Judgment, names Sally Myers as the personal representative of Eldon Sr.'s estate, and names Eldon Jr. as the alternative personal representative in the event that Ms. Myers failed, refused, or was unable to serve. (Mot. Summ. J., Ex. A at 2.) Second, in his deposition, Plaintiff conceded that Eldon Jr. "was dad's [Eldon Sr.] personal representative as far as I knew, and he was the executor of the estate." (B. Myers Dep. at 10:17-18.) Finally, although Defendant is named in Ms. Myer's will as the personal representative of her estate (Orig. Compl., Doc. No. 1, filed Feb. 16, 2011, at 41-42), Plaintiff has conceded that he was not named in her will, and therefore was not a beneficiary of Ms. Myer's estate (B. Myers Dep. at 23:7-14), the only estate for which Defendant acted as a personal representative.

Plaintiff maintains that Eldon Sr.'s estate passed through "very questionable" documents (Am. Compl. at 2), that Eldon Sr.'s will is, in fact, "a fraud," and that Eldon Jr. has Eldon Sr.'s "real" will (*see* B. Myers Dep. at 19:20-20:15, 21:4–8). However, Plaintiff has not submitted a copy of Eldon Sr.'s "real" will for the court's review. (B. Myers Dep. at 21:9–22:11.) Accordingly, though Defendant concedes in his Motion for Summary Judgment that some

"mishaps" occurred with respect to the notaries public that helped execute documents relating to Eldon Sr.'s estate (*see* Mot. Summ. J. at 7), Plaintiff has failed to proffer any evidence suggesting that Defendant owed him a fiduciary duty with respect to his father's estate. Only the naked allegations in the Amended Complaint suggest that Defendant acted as a personal representative or executor of Eldon Sr.'s estate, which, as outlined above, do not constitute evidence for summary judgment purposes. *See also BancOklahoma Mortg. Corp. v. Capital Title Co.,* 194 F.3d 1089, 1097 (10th Cir. 1999) ("The party opposing the motion [for summary judgment] may not rest on the mere allegation or denials of his pleadings to avoid summary judgment." (internal quotations and citations omitted). Moreover, as established above, these allegations are contradicted by evidence from both parties.

Accordingly, on the record presented, the court finds that there is no genuine dispute of material fact that Defendant did not owe Plaintiff a fiduciary duty with respect to Eldon Sr.'s estate. Indeed, Plaintiff appears to concede as much in his Response to Defendant's Motion for Summary Judgment, where he proposes "to remove the issues of fiducary [sic] duty" from his Amended Complaint because he "now realizes that the evidence at hand is not within the issues raised in the pleading." (Resp. at 1-2.)  Therefore, the court finds that Defendant's Motion for Summary Judgment is properly granted.

### B.    *Motion to Amend*

In his Motion to Amend, consistent with his position in his Response to Defendant's Motion for Summary Judgment, Plaintiff seeks to amend his Amended Complaint "to remove the issues of fiducary duty, forgery and such." (Mot. Am. at 1–2.)  Upon review of Plaintiff's

proposed Second "Amended Complaint" (Doc. No. 143-1 [Second Am. Compl.]), it appears that Plaintiff now seeks to assert a claim for fraud against Defendant (*see id.* at 4-5). Defendant opposes Plaintiff's Motion to Amend on grounds that Plaintiff's proposed amendments are unduly delayed, would be unduly prejudicial, and are futile. The court agrees with Defendant and also finds that Plaintiff has failed to show good cause to amend the Scheduling Order as a prerequisite to amending his Amended Complaint.

### 1.  *Good Cause to Amend the Scheduling Order*

Plaintiff has failed to demonstrate that the Scheduling Order's deadline for amending the pleadings could not have been met despite his diligent efforts. In fact, Plaintiff's own arguments undercut any position to the contrary. More specifically, in his Reply in Support of his Motion to Amend, Plaintiff maintains that he has "always said fraud and if the defense would take 5 seconds to read that he would even see on my civil cover sheet that it said fraud all along, not fiducary [sic] duty but fraud." (Reply Mot. Am. at 4.) This plainly suggest that Plaintiff could have included a claim for fraud in his Original and Amended Complaints, but failed to do so. To the extent that Plaintiff relies upon the Civil Cover Sheet attached to his original Complaint, Plaintiff fails to note the prefatory language contain therein, which states: "The JS 44 civil cover sheet contained and the information contained herein *neither replace nor supplement* the filing and service of pleadings or other papers as required by law." (Doc. No. 1-1, filed Feb. 16, 2011 (emphasis added).)

Instead, it was incumbent upon Plaintiff to include a claim for fraud in his Amended Complaint after he was ordered to provide a more definite statement consistent with Fed. R. Civ.

P. 8(a) by Magistrate Judge Kristen L. Mix. (*See* Doc. No. 40, filed April 14, 2011.) The court may not assume that Plaintiff can prove facts that have not been alleged, or that Defendant has violated laws in ways that he has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

Perhaps more to the point, Plaintiff does not maintain that he only recently discovered the facts giving rise to his proposed fraud claim. Rather, the only additional allegations included in his proposed Second Amended Complaint relate to the notaries public's irregularities in executing certain documents relating to Eldon Sr.'s estate. (*See* Second Am. Compl. at 2-3.) However, the documents attached to Plaintiff's third "Motion for Summary Judgement" clearly demonstrate that the investigation into these irregularities occurred primarily in 2009 (*see* Doc. No. 135, filed Jan. 12, 2012, at 20-36), and at the very latest in early-2011 (*see id*. at 44-45.) Accordingly, these facts are not of recent advent, and do not demonstrate good cause to amend the Scheduling Order to permit Plaintiff to amend his Amended Complaint.

### 2.     *Undue Delay*

Even if Plaintiff were able to demonstrate good cause for amending the Scheduling Order to permit him to amend his Amended Complaint, the court agrees with Defendant that his proposed amendments are unduly delayed. To be sure, "Rule 15(a) does not restrict a party's ability to amend its pleadings to a particular stage in the action." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) (citing Fed. R. Civ. P. 15(a); 6 Wright Miller, & Kane,

FEDERAL PRACTICE AND PROCEDURE § 1488 (2d ed. 1990)).  However, "[a] party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time."  *Id.*

Indeed, "[t]he longer the delay, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend."  *Id.* (internal quotations and citations omitted).  In this circuit, "denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'"  *Id.* (quoting *Frank v. U.S. West,* 3 F.3d 1357, 1365-66 (10th Cir. 1993)); *see also Durham v. Xerox Corp.,* 18 F.3d 836, 840 (10th Cir. 1994) ("[U]nexplained delay alone justifies the district court's discretionary decision.")  As such, "[c]ourts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target' [or to] 'salvage a lost case by untimely suggestion of new theories of recovery.'"  *Id.* (quoting *Viernow v. Euripides Dev. Corp.,* 157 F.3d 785, 800 (10th Cir. 1998); *Pallottino v. City of Rio Rancho,* 31 F.3d 1023, 1027 (10th Cir. 1994)).

In this case, the Scheduling Order was entered on June 7, 2011 and, as noted above, the deadline for amending the pleadings has long since passed.  (*See* Sched. Order at 6.) Additionally, the Scheduling Order's December 7, 2011 Discovery Cut-Off and January 20, 2012 Dispositive Motions Deadline have now also passed.  (*Id.* at 6; Doc. No. 134, filed Jan. 10, 2012.)  Moreover, Plaintiff filed three separate motions for summary judgment (Doc. Nos. 89, 131, 135), all of which were denied because Plaintiff failed to demonstrate that Defendant owed

him the requisite fiduciary duty to give rise to his claim for breach of fiduciary duty (Doc. Nos. 124, 132, 140). Now, nearly two months after the Discovery Cut-Off, after having taken three bites at the apple seeking to prevail on his fiduciary duty claim, and after Defendant filed a meritorious Motion for Summary Judgment, Plaintiff seeks to amend his complaint to "salvage [his] lost case by untimely suggestion of [a] new theor[y] of recovery." *Minter,* 451 F.3d at 1206.

Under these circumstances, the court finds that Plaintiff's proposed amendments are patently untimely. Indeed, the court finds that it is quite possible that Plaintiff is attempting to make his Complaint "a moving target," *id.,* as his Motion to Amend was not filed until after he was served with Defendant's Motion for Summary Judgment. Accordingly, notwithstanding any prejudice to Defendant or the futility of his proposed amendments, matters to be addressed *infra*, the court finds that Plaintiff's Motion to Amend is properly denied as untimely.

### 3. *Undue Prejudice*

The "most important[] factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party." *Id.* at 1207. "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment." *Id.* at 1208 (quoting *Patton v. Guyer,* 443 F.2d 79, 86 (10th Cir. 1971)). Thus, the Tenth Circuit found a motion to amend to be unduly prejudicial where it sought "to add an entirely new and different claim to [the plaintiff's] suit little more than two months before trial." *Horn v. Squire,* 81 F.3d 969, 973 (10th Cir. 1996) *accord Minter,* 451 F.3d at 1208.

Here, the court finds that Defendant reasonably relied on the Plaintiff's Amended Complaint in order to target his discovery efforts at the sole claim raised therein—Plaintiff's breach of fiduciary duty claim. Indeed, based on those discovery efforts, Defendant filed a Motion for Summary Judgment arguing that Plaintiff has not established that Defendant owed him a fiduciary duty with respect to Eldon Sr.'s estate. Now Plaintiff seeks to add an entirely new and different claim well after the opportunity for discovery and filing dispositive motions has passed.

To be sure, the factual circumstances underlying Plaintiff's proposed fraud claim are not entirely new. However, it is likely that discovery would have to be reopened to allow Defendant to re-calibrate its efforts toward this new claim, and that renewed dispositive motions would be in order. Thus, while it may not be necessary to restart this case altogether to accommodate Plaintiff's proposed fraud claim, Defendant would undoubtedly suffer significant additional expenses as a result of Plaintiff's palpable delay. Accordingly, the court also finds that Defendant would suffer undue prejudice were it to allow Plaintiff to amend his Amended Complaint to assert his proposed fraud claim.

### 4.   *Futility*

Finally, Defendant argues that Plaintiff's Motion to Amend should be denied because his proposed fraud claim is futile. "Although Fed.R.Civ.P. 15(a) provides that leave to amend shall be given freely, the [] court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended would be subject to dismissal." *Jefferson Cnty. Sch. Dist. v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999)

(citations omitted). "The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim." *Gohier v. Enright,* 186 F.3d 1216, 1218 (10th Cir. 1999) (citations omitted).

> The five elements that must be established for a claim of fraud in Colorado are:
>
> (1) A false representation of a material existing fact, or a representation as to a material existing fact made with a reckless disregard of its truth or falsity; or a concealment of a material existing fact, that in equity and good conscience should be disclosed. (2) Knowledge on the part of the one making the representation that it is false; or utter indifference to its truth or falsity; or knowledge that he is concealing a material fact that in equity and good conscience he should disclose. (3) Ignorance on the part of the one to whom representations are made or from whom such fact is concealed, of the falsity of the representation or of the existence of the fact concealed. (4) The representation or concealment made or practiced with the intention that it shall be acted upon. (5) Action on the representation or concealment resulting in damage.

*Universal Drilling Co. v. Camay Drilling Co.*, 737 F.2d 869, 872 (10th Cir. 1984) (citing *Morrison v. Goodspeed*, 68 P.2d 458, 462 (Colo. 1937)); *see also Ackmann v. Merch. Mortg. & Trust Corp.*, 645 P.2d 7, 13 (Colo. 1982). Additionally, Plaintiff's proposed fraud claim is subject to Rule 9(b)'s heightened pleading standards. Fed. R. Civ. P. 9(b) ("In alleging fraud . . . , a party must state with particularity the circumstances constituting fraud . . . .")

Here, Plaintiff's proposed fraud claim simply alleges that

> Plantiff [sic] is entitled to relief as a matter of law because the assets [of Eldon Sr.'s estate] were frauded [sic] from him by way of Defendants [sic] Mother, Sally A. Myers, who used invalid documents to obtain them from my father by way of fraud to leave to her son, Dorwin Dwayne Hummel. Plantiff [sic] respectfully requests that the court grant the full amount of relief requested and if the court so chooses to add additional damages the Plantiff [sic] will not object.

(Second Am. Compl. at 4.)  These allegations certainly fail to satisfy Rule 9(b)'s heightened pleading standard—indeed, they arguably fall short of Rule 8(b)(2)'s "short and plain statement of the claim showing that [Plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(b)(2).  Plaintiff's proposed fraud claim does not address any of the elements of a fraud claim or how Defendant's alleged conduct satisfies those elements.  Indeed, at very best, Plaintiff's proposed fraud claim arguably suggests that Defendant's mother, Ms. Myers, engaged in fraud; it does not address how Defendant allegedly engaged in fraud.

Accordingly, in addition to finding that Plaintiff has not demonstrated good cause to amend the Scheduling Order, and that Plaintiff's proposed amendments are untimely and unduly prejudicial, the court finds that Plaintiff's proposed fraud claim is futile insofar as it fails to state a claim for relief.  Altogether, the court finds that Plaintiff's Motion to Amend is properly denied.

Therefore, for the foregoing reasons, it is ORDERED that Defendant's "Motion for Summary Judgment" (Doc. No. 138) is GRANTED, and that Plaintiff's"Motion to Amend Amended Complaint" (Doc. No. 143) is DENIED.

It is further ORDERED that this case is DISMISSED WITH PREJUDICE.

Dated this 26th day of March, 2012.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge