IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–00400–KMT–KLM

BERNARD KENNETH MYERS,

    Plaintiff,

v.

DORWIN DWAYNE HUMMEL,

    Defendant.

---

## ORDER

---

This matter is before the court on Defendant's "Motion for Extended Time and Motion for Attorney Fees and Costs." (Doc. No. 154, filed Apr. 19, 2012.) In his Motion, Defendant seeks a court order permitting him to recover attorney's fees and costs pursuant to Fed. R. Civ. P. 54(d). Because Defendant concedes that his Motion was filed more than 14 days after the entry of judgment in this matter, Defendant also seeks an extension of the deadline provided for by Fed. R. Civ. P. 54(d)(2)(B)(i) in order for his Motion to be considered timely to the extent that it seeks attorney's fees.

As to his request for costs, Fed. R. Civ. P. 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." D.C.COLO.LCivR 54.1 further provides that "[e]ach judgment or final order shall indicate which party or parties are entitled to costs." The

court finds that no federal statute, rule of civil procedure, or court order prohibits an award of costs in this case. Fed. R. Civ. P. 54(d)(1). Accordingly, the Final Judgment entered in this case on March 28, 2012 (Doc. No. 153) shall be amended to provide that Defendant is awarded his costs to be taxed by the Clerk of Court under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

As to Defendants's request for attorney's fees and for an extension of time to file his motion, the court finds that both requests are properly denied. The court finds that Defendant's Motion fails even if the court were to extend the Rule 54(d)(2)(B(i) deadline. More specifically, Fed. R. Civ. P. 54(d)(2)(B)(ii) provides that a motion for attorney's fees must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award." Defendant's Motion does not cite any statute or rule, nor does Defendant make any legal argument, in support of his position that he is entitled to attorney's fees in this case. Accordingly, the court denies Defendant's Motion to the extent it seeks attorney's fees for failure to comply with Fed. R. Civ. P. 54(d)(2)(B)(ii).

Therefore, for the foregoing reasons,

It is ORDERED that Defendant's "Motion for Extended Time and Motion for Attorney Fees and Costs" (Doc. No. 154) is GRANTED in part and DENIED in part. The Final Judgment (Doc. No. 153) shall be amended to provide that Defendant is awarded his costs to be taxed by

the Clerk of Court under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.  Defendant's Motion is DENIED to the extent that Defendant seeks an award of attorney's fees.

Dated this 23rd day of April, 2012.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge